GIBNEY, ANTHONY & FLAHERTY, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net

Attorneys for Plaintiff
Chanel, Inc.



JUDGE SCHEINDLIN

'08 CIV 4074

### THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| STONY NY CORP, a New York corporation, and DOES 1-10, | |
| Defendants. | |

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, STONY NY CORP, a New York corporation ("Stony") and DOES 1-10 (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action seeking to enforce 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants' principal place of business is within this Judicial District and Defendants conduct substantial business activities within this Judicial District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this Judicial District.

## THE PARTIES

2.      Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.

3.      Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, costume jewelry, earrings, bracelets, pins, necklaces, and rings under the federally registered trademarks CHANEL and CC MONOGRAM (collectively the "Chanel Marks").

4.      Stony is a corporation organized under the laws of the State of New York that, upon information and belief, conducts business within this Judicial District at 40 West 29th Street, New York, New York 10001.

5.      Upon information and belief, Stony is directly engaging in the sale of counterfeit and infringing goods within this Judicial District as alleged herein.

6.      Upon information and belief, Does 1-5 are individuals who reside and/or conduct business within this Judicial District. Upon information and belief, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit goods as alleged herein

as partners or suppliers to the named Defendant. Plaintiff is presently unaware of the identities of Does 1-5. Plaintiff will amend this Complaint upon discovery of the identities of such fictitious defendants.

7.  Upon information and belief, Does 6-10 are business entities which reside and\or conduct business within this Judicial District. Upon further information and belief, Does 6-10 are directly engaging in the sale of counterfeit goods as alleged herein as partners or suppliers to the named Defendant. Plaintiff is presently unaware of the identities of Does 6-10. Plaintiff will amend this Complaint upon discovery of the identities of such fictitious defendants.

## COMMON FACTUAL ALLEGATIONS

8.  Chanel is the owner of the following United States Federal Trademark Registration:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

which are registered in International Classes 14 and 28, and is used in connection with the manufacture and distribution of, among other things, costume jewelry, earrings, bracelets, pins, bracelets, pins, necklaces, and rings.

9.  The Chanel Marks have been used in interstate commerce to identify and distinguish its high quality costume jewelry, earrings, bracelets, pins, bracelets, pins, necklaces, and rings and other goods for an extended period of time.

10.  The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

11. The Chanel Marks are a symbol of Chanel's quality, reputation, and goodwill and have never been abandoned.

12. Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks in commerce. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

13. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of costume jewelry, earrings, bracelets, pins, necklaces, and rings and other goods, and has carefully monitored and policed the use of the Chanel Marks by third parties.

14. As a result of the Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Chanel.

15. Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high quality costume jewelry items, earrings, bracelets, pins, necklaces, and rings and other goods.

16. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the Chanel Marks and the goodwill associated therewith.

17. Chanel has discovered the Defendants are promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit costume jewelry items, earrings, bracelets, pins, necklaces, and rings, bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion for different quality costume jewelry goods.

18. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge that they are without authority to do so, the Defendants, upon information and belief, are actively manufacturing or importing, promoting and otherwise advertising, distributing, selling and offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality goods offered for sale by Chanel. The net effect of the Defendants' actions will be the confusion of consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

19. The Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

20. Upon information and belief, the Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Chanel's trademark rights do not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

21. The Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

22. Further, the Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting activities knowingly and intentionally or with reckless disregard for or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

23. The Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Counterfeit Goods.

24. Chanel has no adequate remedy at law.

25. Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

26. The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

27. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I
## TRADEMARK COUNTERFEITING AND INFRINGEMENT

28. Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

29. This is an action for trademark counterfeiting and infringement against the Defendants based on the Defendants' promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

30. Specifically, the Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing at least counterfeit costume jewelry, earrings, bracelets, pins, necklaces, and rings, bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using the mark to advertise, promote, and sell at least counterfeit costume jewelry, earrings, bracelets, pins, necklaces, and rings.

31. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

32. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

33. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

35.  Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

36.  Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

37.  The Defendants' Counterfeit Goods bearing and sold under the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

38.  Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and a trade dress which tend to falsely describe or represent such goods. Further Defendants have caused their goods to enter into commerce with such false designations of origin and such false descriptions and representations, all to the detriment of the Chanel.

39.  Specifically, the Defendants, upon information and belief, authorized an infringing use of the Chanel Marks and a substantially similar trade dress in the Defendants' advertisement and promotion of their counterfeit and infringing costume jewelry, earrings, bracelets, pins, necklaces, and rings and other goods. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

40. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Chanel has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**PRAYER FOR RELIEF**

42. WHEREFORE, Chanel's demand judgment jointly and severally against the Defendants as follows:

   a. The Court enter a preliminary and permanent injunction enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, costume jewelry, earrings, bracelets, pins,

necklaces, and rings, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel, and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

        b.      The Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        c.      Chanel be awarded punitive damages.

        d.      Chanel be awarded pre-judgment interest on its respective judgment.

        e.      Chanel be awarded their costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

        f.      Chanel be awarded such other and further relief as the Court may deem just and proper.

DATED this 29th day of April, 2008.

Respectfully submitted,

*/s/ John Macaluso*
John Macaluso
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: JMacaluso@Gibney.com

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
Email: stephen@smgpa.net

Attorneys for Plaintiff, Chanel, Inc.