THE McDANIEL LAW FIRM
Empire State Building
350 Fifth Avenue, Suite 3304
New York NY 10018
(212) 514-8080
(212) 514-8282 (facsimile)
Attorneys for Defendant Stony NY Corporation

| | |
|---|---|
| CHANEL, INC.,<br><br>        Plaintiff<br><br>    v.<br><br>STONY NY CORP, ET AL and DOES 1-10,<br><br>        Defendants. | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.: 08-cv-4074<br><br>ANSWER AND JURY DEMAND |

Defendant Stony NY Corporation through its undersigned counsel answers the Complaint of Plaintiff as follows:

1.    Defendant admits the allegations contained in Paragraph 1   of the Complaint.

2 .    Defendant admits on information and belief the   allegations contained  in Paragraph 2  of the Complaint.

3 .    Defendant admits on information and belief the   allegations in Paragraph 3  of the Complaint.

- 1 -

4. Defendant admits on information and belief the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint are not directed to this Defendant and accordingly no answer is required. To the extent that an answer is required, Defendant denies the allegations.

7. The allegations contained in Paragraph 7 of the Complaint are not directed to this Defendant and accordingly no answer is required. To the extent that an answer is required, Defendant denies the allegations.

8. Defendant is without sufficient information to form a belief as to the truth of the allegation that except admits that plaintiff appears to have correctly identified certain trademark registrations of plaintiff and admits the other allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without sufficient information to form a belief as to the truth of the allegations, except admits that the "CHANEL" marks and monograms referred to in paragraph 8 of the complaint are associated with certain products, the extent of which are not known to defendant.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except admits that plaintiff is a well-known source of fashion items.

12.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except admits that the marks identified by plaintiff in Paragraph 8 of the Complaint are famous marks.

13.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits that admits that defendant sells inexpensive costume

jewelry at wholesale and that the marks identified in Paragraph 8 of the Complaint are not known as being inexpensive.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

## COUNT I

28.     Defendant repeats it responses to Paragraphs 1-28 as if set forth at length.

29.     The allegations contained in Paragraph 29   of the Complaint purport only to summarize matters alleged elsewhere and therefore no answer is required.   To the extent that an answer is required,   Defendant denies the allegations.

30.     Defendant denies the allegations contained in Paragraph 30  of  the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31  of  the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32  of  the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33  of  the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34  of  the Complaint.

## COUNT II

35      Defendant repeats its responses to Paragraphs 1-34 as if set forth at length.

36.      Defendant denies the allegations contained in Paragraph 36  of  the Complaint.

37.      Defendant denies the allegations contained in Paragraph 37 of the Complaint, except admits that the goods sold at wholesale by defendant are not, upon information and belief, of comparable quality to the goods sold by plaintiff.

38.      Defendant denies the allegations contained in Paragraph 38  of  the Complaint.

39.      Defendant denies the allegations contained in Paragraph 39  of  the Complaint.

40.      Defendant denies the allegations contained in Paragraph 40  of  the Complaint.

41.      Defendant denies the allegations contained in Paragraph 41  of  the Complaint.

42.      WHEREFORE, Defendant Stony NY Corp. demands judgment dismissing plaintiff's complaint, for costs, fees, including a reasonable attorney's fee, and such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.      The claims are barred in whole or in part for failure to state a claim upon which relief may be granted.

2.      The claims are barred in whole or in part by the doctrine of laches.

3.      The claims are barred in whole or in part by the doctrine of unclean hands.

4.      The claims are barred in whole or in part by the doctrine of waiver.

5.      Defendant reserves the right to assert such other and further affirmative defenses as discovery may reveal.

## JURY DEMAND

Trial by jury is hereby demanded as to all issues so triable.

Dated:      New York, New York
            May 19, 2008




                                        THE McDANIEL LAW FIRM, PC


                                        By: _____
                                              Jay R. McDaniel
                                        THE McDANIEL LAW FIRM
                                        Empire State Building
                                        350 Fifth Avenue, Suite 3304
                                        New York NY 10018
                                        (212) 514-8080
                                        (212) 514-8282 (facsimile)